**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**
July 02, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: __NM__
DEPUTY

| | |
|---|---|
| **MIGUEL ANGEL MONTEZ,** § | |
| **TDCJ No. 02304458,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. SA-23-CA-0530-OLG |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Miguel Angel Montez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1). In the § 2254 petition, Petitioner challenges the constitutionality of his 2020 state court conviction for aggravated sexual assault of a child, arguing that he was denied the right to effective assistance of counsel. Also before the Court are Respondent Bobby Lumpkin's Answer (ECF No. 9) and Petitioner's Reply (ECF No. 12) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

In January 2020, a Bexar County jury convicted Petitioner of one count of aggravated sexual assault of a child, a first-degree felony. *State v. Montez*, No. 2019CR8548 (290th Dist. Ct., Bexar Cnty., Tex. Jan. 17, 2020); (ECF No. 10-1 at 98-99). After a separate punishment

hearing, the trial court sentenced Petitioner to sixty-five years of imprisonment. *Id.* The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *Montez v. State*, No. 04-20-00033-CR, 2021 WL 4443722 (Tex. App.—San Antonio, Sept. 29, 2021, pet. ref'd); (ECF No. 10-11). The Texas Court of Criminal Appeals then refused his petition for discretionary review. *Id.*; *Montez v. State*, No. 0796-21 (Tex. Crim. App. Jan. 26, 2022).

Petitioner did not challenge the constitutionality of his conviction by filing an application for state habeas corpus relief.[1] Instead, represented by counsel, Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief on April 26, 2023. (ECF No. 1). In the petition and corresponding memorandum in support, Petitioner raises the following allegations: (1) his trial counsel rendered ineffective assistance by failing to object to testimony from the complainant during the punishment phase, (2) trial counsel failed to investigate and present mitigating evidence at the punishment phase, and (3) the cumulative impact of these errors rendered counsel's performance ineffective. *Id.* at 8.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims

---

[1] *See* http://www.search.txcourts.gov, search for "Montez, Miguel" last visited July 1, 2024.

already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. <u>Merits Analysis</u>

Petitioner raises three allegations that he was denied the right to effective assistance of counsel by his attorney at trial, Albert Flores. Each of these allegations were raised during Petitioner's direct appeal proceedings and ultimately rejected by the Texas Court of Criminal

3

Appeals. As discussed below, Petitioner fails to demonstrate the state court's rejection of the allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

### A. The *Strickland* Standard

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland*, 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*,

4

601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105.

### B.   Failure to Object (Claim 1)

During the guilt/innocence phase of trial, the complainant, who was eight-years-old at the time of the offense, testified that Petitioner sexually assaulted her on several occasions during the short period of time that her and her mother lived with him. (ECF No. 10-4 at 152-61). Following the jury's guilty verdict, the State recalled the complainant to testify at the punishment phase of trial regarding a separate incident where Petitioner urinated on her after she had taken a shower. (ECF No. 10-7 at 27-29).

Petitioner asserts that counsel rendered ineffective assistance by failing to object to the punishment phase testimony as being irrelevant and unduly prejudicial. According to Petitioner, counsel had a clear duty to object because the testimony "had no relevance to the alleged sexual abuse." (ECF No. 1 at 22). This allegation was rejected by the Texas Court of Criminal Appeals during Petitioner's direct appeal proceedings. Petitioner fails to demonstrate the state court's rejection was unreasonable.

To start, Petitioner fails to provide any argument or relevant case law demonstrating that he was prejudiced by counsel's failure to object, particularly in light of the damaging testimony already presented at the guilt/innocence phase. For this reason alone, Petitioner's conclusory and speculative allegation is unworthy of federal habeas relief. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

Regardless, any objection by counsel to the complainant's punishment phase testimony would likely have been unpersuasive. Petitioner believes counsel should have objected to the testimony as inadmissible under the Texas Rules of Evidence because it was both irrelevant and unduly prejudicial. However, not only is evidence that Petitioner urinated on the victim in addition to sexually assaulting her relevant to his potential punishment, it is also consistent with Article 37.07, § 3(a)(1) of the Texas Code of Criminal Procedure, which expressly allows the State to offer "any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant . . ., regardless of whether he has previously been charged with or finally convicted of the crime or act." It also appears consistent with Article 38.37, § 2(b), which allows evidence of extraneous acts to be admitted to establish the character of the defendant and "acts performed in conformity with [that] character." *See Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App. 1999) (finding "[t]he special circumstances surrounding the sexual assault of a child victim outweigh normal concerns associated with evidence of extraneous acts.").

For this reason, counsel cannot reasonably be faulted for failing to object to admissible testimony under Texas law. *See Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the

failure to lodge futile objections does not qualify as ineffective assistance"); *Ward v. Dretke*, 420 F.3d 479, 498 (5th Cir. 2005) (counsel not ineffective for failing to lodge what would likely have been a futile objection). Thus, viewing the allegation under the "doubly" deferential review encompassed by *Strickland* and the AEDPA, Petitioner's claim must fail. *See Richter*, 562 U.S at 105.

C.    <u>**Failure to Investigate**</u> **(Claim 2)**

Petitioner next contends counsel failed to sufficiently investigate and present mitigating evidence at the punishment phase of trial. In particular, Petitioner faults counsel for failing to consult with an expert in sex offender recidivism rates in order to testify about the likelihood that Petitioner would not reoffend. Similar to his previous allegation, Petitioner raised this claim in his petition for discretionary review before the Texas Court of Criminal Appeals. Petitioner again fails to show that the state court's rejection of the allegation was unreasonable.

*Strickland* requires counsel to undertake a reasonable investigation. 466 U.S. at 690-91; *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013). Counsel must, at minimum, interview potential witnesses and make an independent investigation of the facts and circumstances of the case. *Kately v. Cain*, 704 F.3d 356, 361 (5th Cir. 2013). But in assessing the reasonableness of counsel's investigation, a heavy measure of deference is applied to counsel's judgments. *Strickland*, 466 U.S. at 691. Complaints of uncalled witnesses are not favored on habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Thus, to prevail on an IATC claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to

7

testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense. *Id.*

Petitioner has not even attempted to make this showing. Instead, Petitioner makes only a general assertion that counsel should have consulted a mitigation expert. Petitioner has not named any witness counsel allegedly failed to contact, demonstrated that the witness was available to testify, or shown that the witness's proposed testimony would have been favorable to the defense. *See Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010); *Day*, 566 F.3d at 538. Such conclusory allegations regarding potential mitigating witnesses are insufficient to support an IAC claim. *Woodfox v. Cain*, 609 F.3d 774, 809 n.17 (5th Cir. 2010); *Day*, 566 F.3d at 540. As such, Petitioner has not shown counsel's performance was deficient or prejudicial, much less that the state court's denial of this claim was an unreasonable application of *Strickland*. Relief is denied.

### D. Cumulative Error (Claim 3)

In his last IATC claim, Petitioner asserts that the cumulative effect of his trial counsel's acts and omissions rendered counsel's performance ineffective. For the reasons discussed at length above, however, neither of Petitioner's complaints about the performance of his trial counsel satisfy either prong of *Strickland* analysis. "[T]here is no precedent supporting the idea that a series of 'errors' that fail to meet the standard of objectively unreasonable can somehow cumulate to meet the high burden set forth in *Strickland*." *United States v. Thomas*, 724 F.3d 632, 648 (5th Cir. 2013). Further, "clear precedent indicates that ineffective assistance of counsel cannot be created from the accumulation of acceptable decisions and actions." *United States v. Hall*, 455 F.3d 508, 520 (5th Cir. 2006).

Because none of the errors alleged by Petitioner constituted a violation of his right to the effective assistance of counsel, the "cumulation" of these errors does not provide a basis for relief. *Coble v. Quarterman*, 496 F.3d 430, 440 (5th Cir. 2007); *Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir. 1997). Indeed, absent a showing of deficient performance by counsel, there is nothing to cumulate. *Miller v. Johnson*, 200 F.3d 274, 286 n.6 (5th Cir. 2000) ("Miller has not demonstrated error by trial counsel; thus, by definition, Miller has not demonstrated that cumulative error of counsel deprived him of a fair trial."). Federal habeas corpus relief is therefore unwarranted on Petitioner's cumulative-error claim.

## IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

9

## V. Conclusion and Order

Petitioner failed to establish that the state court's rejection of his IATC claims on the merits during his direct appeal proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during his state trial and appellate proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Miguel Angel Montez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED** this the _____ day of July, 2024.

_____
**ORLANDO L. GARCIA**
**United States District Judge**

10